1 | Peter R. Afrasiabi, Esq. (Bar No. 193336)
        pafrasiabi@onellp.com
2 | Christopher W. Arledge, Esq. (Bar. No. 200767)
        carledge@onellp.com
3 | Ian H. Gibson, Esq. (Bar No. 273444)
        igibson@onellp.com
4 | **ONE LLP**
    4000 MacArthur Blvd.
5 | West Tower, Suite 1100
    Newport Beach, CA 92660
6 | Telephone:  (949) 502-2870
    Facsimile:  (949) 258-5081
7 |
8 | Attorneys for Plaintiff, Mavrix Photo, Inc.

9 |

10 | Colby B. Springer
11 | CSpringer@LRLaw.com
     **LEWIS AND ROCA LLP**
12 | 2440 West El Camino Real, 6th Floor
13 | Mountain View, CA  94040-1499
     Telephone: (650) 391-1394
14 | Facsimile: (650) 391-1395

15 |
16 | Attorneys for Defendants

17 |                **UNITED STATES DISTRICT COURT**

18 |                **CENTRAL DISTRICT OF CALIFORNIA**

19 |

| | |
|---|---|
| MAVRIX PHOTO, INC., a Florida corporation, | Case No. CV 10-7591 CBM (Ex) |
| | Hon. Consuelo B. Marshall |
| Plaintiff, | |
| v. | **JOINT 26(F) REPORT** |
| | |
| ALLIEISWIRED.COM, a business form unknown; ALLIE SHAIN, an individual; OMG PUBLISHING LLC, a Colorado Limited Liability Company; OTB MEDIA, a business form unknown; JAMES JOYNER, an individual; OTBMEDIA.ORG, business form unknown; | Date:      March 12, 2012 |
| | Time:      10:00 a.m. |
| | Complaint filed:  November 8, 2011 |

20299.1

1  OUTSIDETHEBELTWAY.COM, business
   form unknown; GONE-
2  HOLLYWOOD.COM, a business form
   unknown; and DOES 1-10 INCLUSIVE,

3

4      Defendants.

5

6

7      Mavrix Photo, Inc. ("Mavrix" or "Plaintiff") and Defendants James Joyner and

8  Outsidethebeltway.com., ("Defendants") hereby submit their Joint Rule 26(f) Report.  The

9  Report includes all information required by this Court's Order Setting Scheduling

10 Conference, and then notes other pertinent case information and the parties' disagreements

11 on issues, where applicable.

12 **A.**    **SYNOPSIS OF THE CASE**

13     **1.**    **Mavrix's Position:**

14     This is a copyright infringement case filed by Mavrix on October 12, 2010.  Mavrix

15 is the owner of the copyrighted photographs at issue: photographs of Lady Gaga, Penelope

16 Cruz and Fergie ("the Photos").  Defendants have directly, vicariously and/or contributorily

17 infringed Mavrix's copyrights by reproducing, publicly distributing and publicly displaying

18 Mavrix's photograph on its websites, www.allieiswired.com and www.gone-

19 hollywood.com.  On information and belief, Defendants' unlicensed use of the Photos was

20 willful.

21     A First Amended Complaint was filed November 12, 2010 and a Second Amended

22 Complaint was deemed filed April 27, 2011.   Plaintiff's Motion for Default Judgment was

23 granted against Defendants OTB Media, OTBMedia.org, and Gone-Hollywood.com on

24 December 19, 2011.  The Court deemed submitted the issue of damages and attorney's

25 fees, with respect to the default judgments, and reserved ruling on both issues until the final

26 disposition of all of the remaining defendants.  Plaintiff has reached a settlement in

27 principal with Defendants Allie Shain, Allieiswired.com, and OMG Publishing LLC and

28 anticipates executing settlement agreements reflecting the same within the next 30 days.

1   Plaintiff is open to the possibility of an early mediation to try to settle the remainder
2   of the case.

3   **2.    Defendants' Position:**

4   Defendants Joyner and OutsidetheBeltway.com have no connection to
5   AllieisWired.com or the activities of defendant Shain with respect to that site or with
6   respect to OMG Publishing LLC or any websites related to that entity.  With respect to any
7   infringements of any works on the GoneHollywood.com website, defendants Joyner and
8   Outside the Beltway.com deny the allegations of plaintiffs with respect to them, including
9   any activities conducted by any other defendant in this action which may have resulted in
10  the publication of any allegedly infringed work on a website connected to them.

11  Defendants Joyner and Outside the Beltway.com would welcome a mediated
12  settlement.

13  **B.    BASIS FOR JURISDICTION**

14  Jurisdiction and venue are appropriate with this Court.  This Court has subject matter
15  jurisdiction over copyright infringement under 28 U.S.C. §§ 1331, 17 U.S.C. § 501(a), and
16  28 U.S.C. § 1338(a) and (b).  Venue is proper in this District under 28 U.S.C. §§ 1391(b)
17  and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, some
18  Defendants may be found and transact business in this Judicial District, and the injury
19  suffered by Plaintiff took place in this Judicial District.  Further, Defendants are subject to
20  the general and specific personal jurisdiction of this Court because of their contact with the
21  State of California.

22  **C.    LEGAL ISSUES**

23  **1.    Mavrix's Position**

24  The key legal issues are: (1) whether Defendant infringed the Photos; (2) whether
25  any such infringement was willful; and (3) what damages and other relief, including but not
26  limited to statutory damages and attorneys' fees, Plaintiff is entitled to.

27  **2.    Defendants' Position**

28  The key legal issues are: (1) whether the use of the Photo constituted fair use; (2)

whether Defendant infringed the Photo; (3) whether any such alleged infringement was willful; and (4) whether Plaintiff is entitled to any damages or other relief for such alleged infringement.

## D.   DAMAGES

### 1.   Mavrix's Position

Plaintiff's damages are a function of discovery to ascertain the scope of actual damages as well as determining Defendants' exposure to statutory damages under the Copyright Act.

### 2.   Defendants' Position

All material factual information relating to plaintiff's alleged actual damages is within the sole custody of Plaintiff.  It is agreed that proof of actual damages is central to determining Defendants' exposure, if any, an award of damages including an award of statutory damages under the Copyright Act.

## E.   ADDITIONAL PARTIES

Plaintiff does not anticipate the need for the appearance of any additional parties at this time.  However, Plaintiff's expressly reserves its right to name additional parties should the need present itself through the course of discovery.

## F.   INSURANCE

Plaintiff is not aware of any insurance policies that afford it coverage relating to this dispute.

## G.   DISCOVERY AND EXPERTS

The parties do not presently believe that any changes need to be made in the timing, form or requirements for disclosure under Rule 26(a), and expect to be able to resolve cooperatively any scheduling issues that may arise.

The parties anticipate making their initial disclosures under Rule 26(a)(1) on or before March 12, 2012.

The parties presently believe that discovery will be needed as to all of the elements of the claims and remedies placed in issue by the pleadings, and any defenses that may be asserted.

The parties do not presently believe that discovery should be conducted in phases or be limited to or focused upon particular issues, except that expert discovery should follow the close of fact discovery.

Thus far, no discovery has been propounded as the parties have focused their efforts on settlement discussions.

The parties do not believe that there are any issues of note with the production of electronically stored information.  The parties reserve their right to request the production of electronically stored information pursuant to the applicable Federal Rules of Civil Procedure and/or Local Rules.

The parties do not believe that any issues exist at this time regarding claims of privilege or of protection as trial-preparation materials.  The parties agree, however, that should such issues arise they will meet and confer regarding a proposed protective order for consideration and entry by the Court.  The parties will attempt to negotiate and present to the court a stipulated protective order to govern disclosures of sensitive, confidential information.

The parties do not believe that any changes should be made to the limitations on discovery imposed by the Federal Rules or Local Rules, and expect to be able to resolve cooperatively any issues that may arise with respect to such limitations.

The parties do not presently intend to seek any other order that the Court may issue under Rule 26(c) or under Rules 16(b) and (c).

Mavrix expects to conduct at least one deposition in addition to various written discovery requests, including but not limited to request for production of documents and things and special interrogatories.

The parties propose that expert testimony be disclosed according to the times set forth in Rule 26(a)(2)(D), to wit: at least 90 days before the date set for trial or for the case

to be ready for trial; or if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Plaintiff does not presently intend to call any expert witnesses but expressly reserves its right to do so should the need arise through the course of discovery.

### Subjects for Discovery.

**1.   Mavrix's Position**

Plaintiff intends to conduct discovery regarding Defendant's acquisition and use of the Photos; the history of Defendant's use of the Photos; Defendant's advertising efforts related to or involving the Photos; Defendant's use in any other form of the Photos; Defendant's revenues related to use of the Photos; all licensing agreements and assignments related to the Photos; Defendant's policies with respect to the use of images on its website; and all other allegations in Plaintiff's Complaint, denials thereof in Defendant's Answer and Defendant's claimed affirmative defenses.

**2.   Defendants' Position**

Plaintiff's anticipated range of discovery is significantly out of proportion to the scope of possible damages and relief available here as well as the relatively simple facts in this case.  Plaintiff's formulation appears calculated to "run up" real or threatened attorneys' fees and costs for purposes of increasing the perceived settlement value of Plaintiff's claim.  Defendants believe that, if not settled via mediation or otherwise, the scope of discovery in this matter should be minimal.

**G.   MOTIONS**

Plaintiff anticipates a motion for summary judgment on infringement.  Defendant anticipates filing an appropriate response, possibly seeking dismissal with respect to one or more alleged instances of infringement.

**H.   SETTLEMENT AND SETTLEMENT MECHANISM**

**1.   Mavrix's Position**

Plaintiff is always willing to discuss the possibility of settlement as a means to

dispute resolution and proposes the use of outside ADR, preferably mediation with a retired federal judge with experience in intellectual property disputes. The parties have engaged in numerous discussions relating to settlement, although no amenable resolution has yet been reached.

### 2.   Defendants' Position

Defendants join in Plaintiff's position.

## I.   TRIAL ESTIMATE

Plaintiff estimates 3 to 5 days for trial, which trial will be by jury. Plaintiff expects to call approximately 3 to 5 witnesses. Chris Arledge, Peter Afrasiabi and Ian Gibson will try Plaintiff's case. Defendant believes any trial should be significantly shorter in duration, amounting to no more than two days. Colby Springer and Ronald Coleman will try the case on Defendants' behalf.

## J.   TIMETABLE

The parties anticipate being ready for trial by December 17, 2012, with a final pre trial conference on or around November 19, 2012.

## K.   OTHER ISSUES

Plaintiff anticipates no unusual litigation issues.

## L.   CONFLICTS

Plaintiff has no subsidiaries, parents, or affiliates.

## M.   MAGISTRATES

The parties do not consent to have a Magistrate Judge preside.

Dated:  February 27, 2012        **ONE LLP**


                                 By:   /s/ Ian H. Gibson
                                       Ian H. Gibson
                                       Peter R. Afrasiabi
                                       Attorneys for Plaintiff,
                                       Mavrix Photo, Inc.


Dated:  February 27, 2012        **LEWIS AND ROCA LLP**


                                 By:  /s/Colby B. Springer
                                      Colby B. Springer (#214868)

                                 **GOETZ FITZPATRICK LLP**
                                 Ronald D. Coleman

                                 Attorneys for Defendants
                                 JAMES JOYNER and OUTSIDE THE
                                 BELTWAY.COM